FILED
United States Court of Appeals
Tenth Circuit

March 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VARINDER SINGH,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9566
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Varinder Singh, a Sikh native and citizen of India, claims that he will be

persecuted on account of his membership in a Sikh political party if he is returned to

India. The immigration judge (IJ) denied his applications for asylum, restriction on

removal, and relief under the Convention Against Torture (CAT), and the Board of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Immigration Appeals (BIA) dismissed his appeal. He now petitions for review by this court. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny review.

The IJ found that Mr. Singh was not a credible witness because his testimony at his hearing was internally inconsistent and was inconsistent with his application, his sworn credible-fear statement, and affidavits he submitted. The inconsistencies so troubled the IJ that he carefully considered the government's argument to deem the application frivolous, barring Mr. Singh from immigration relief for his lifetime. Characterizing the issue as "a close call," the IJ "[found] by the slimmest of evidence there is no frivolous application in this case." Admin. R. at 21. But the IJ denied all relief because of Mr. Singh's lack of credibility.

The BIA discussed certain inconsistencies that the IJ had identified and held that the credibility finding was not clearly erroneous. It stated that Mr. Singh had not satisfied his burden of proof for asylum or restriction on removal because he had not submitted any "evidence or testimony independent of his own non-credible testimony." *Id.* at 4. The BIA also stated that Mr. Singh's lack of credibility was "fatal to his CAT claim." *Id.* Accordingly, it dismissed his appeal.

In this case it is the BIA's order that we review. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "[W]e will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *Id.* "However, when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.*

- 2 -

We review the agency's findings of fact, including credibility determinations, for substantial evidence. *Id.* "Where the BIA's decision relies upon an IJ's initial findings, we must ensure that such determinations are substantially reasonable." *Id.* (internal quotation marks omitted). The agency must give "specific, cogent reasons for disbelieving" an applicant's testimony. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004) (internal quotation marks omitted). We do not reweigh the evidence, *see Yuk v. Ashcroft*, 355 F.3d 1222, 1236 (10th Cir. 2004), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Under the asylum statute, the agency must consider "the totality of the circumstances, and all relevant factors" in making a credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). But the statute specifically authorizes the agency to

> base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . .

*Id.*; *see also id.* § 1229a(c)(4)(C) (same in removal-proceedings statute). Further, the agency may discredit an applicant's testimony about significant incidents where the applicant did not disclose that information at earlier stages in the proceedings. *See Ismaiel v. Mukasey*, 516 F.3d 1198, 1205-06 (10th Cir. 2008).

Here, the agency gave specific, cogent reasons for finding Mr. Singh incredible. The BIA highlighted several inconsistencies in Mr. Singh's testimony,

including how several aspects of his testimony at the hearing differed from his previous statements.  It also noted that Mr. Singh testified about a significant incident with a police officer that he had never before mentioned, and he testified about problems his father experienced, problems that were not described in his father's own affidavit.  The inconsistencies and the omission are proper credibility factors and are supported by substantial evidence in the record.  Also, the BIA considered Mr. Singh's explanations for the discrepancies, but found them unpersuasive.  We cannot conclude that the agency's credibility findings were substantially unreasonable or that any reasonable adjudicator would be compelled to conclude that Mr. Singh must be considered a credible witness.  Mr. Singh's arguments to the contrary would require us to reweigh the evidence, which we do not do.

As the BIA stated, Mr. Singh's case for asylum, restriction on removal, and CAT relief hinged upon his credibility.  In light of the credibility determination, the BIA also did not err in denying relief.

The petition for review is denied.

Entered for the Court

John C. Porfilio
Senior Circuit Judge